NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TERRANCE MCCLURGE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:10-CV-066-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN KAREN F. HOGSTEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Terrance McClurge is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Correctional Institution in Manchester, Kentucky. He has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition, including exhibits, is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, the Court will deny the Petition and dismiss this cause of action.

**I.**

Petitioner states that on November 19, 1999, a jury convicted him of kidnaping and conspiracy to kidnap in the United States District Court for the Northern District of Illinois.

---

[1] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time after review, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987); *Blevins v. Lamanna,* 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

*United States v. McClurge*, 98-CR-929-1. He was sentenced to a total of 420 months imprisonment and five years supervised release. Petitioner appealed, but the Seventh Circuit affirmed the conviction and sentence. *United States v. McClurge*, 311 F.3d 866 (7th Cir. 2002), *cert. denied*, 538 U.S. 1045 (2003). A reading of the appellate opinion reveals that this sentence consisted of two concurrent 360-month terms of imprisonment for kidnaping and conspiracy to kidnap and a consecutive sixty-month term for using, carrying and brandishing a firearm during and in relation to a crime of violence.

McClurge also alleges that he sought collateral relief via a motion pursuant to 28 U.S.C. § 2255, but the trial court denied the Motion on December 10, 2004. [*See McClurge v. United States*, No. 04-C-3628, 2004 WL 2870072 (N.D. Ill. December 13, 2004)(denying relief), *certificate of appealability denied*, *McClurge v. United States*, No. 04-C-3628, 2005 WL 1307931 (N.D. Ill. February 14, 2005).] Upon Petitioner's filing of a notice of appeal of the Section 2255 denial, the appellate court found no substantial showing of the denial of a constitutional right. *McClurge v. United States*, No. 04-C-3628, D.E. 43, dated May 23, 2006.

The Petitioner has now come to this Court to challenge the trial court's enhancement of his sentence as a career offender on the ground that one of the two predicate State convictions should not have been used to qualify him for the sentence enhancement. He does not challenge his February 21, 1992, Illinois conviction for aggravated battery, but does attack the second, a 1994 Illinois conviction, which the U.S. Probation Office's Presentence Report describes, purportedly incorrectly, as possession of a controlled substance with the intent to deliver.

McClurge claims that it was not until July of 2009 that he was able to see his State criminal records. At that time, he discovered a "November 3, 1994 amended sentencing order

2

conclusively reflecting that he was not convicted of the original charge of Possession of a Controlled Substance with Intent to Distribute as is incorrectly stated in the PSR and relied upon the [sic] sentencing court." [R. 2.] Rather, he contends, his 1994 conviction had been for simple possession of a controlled substance, and mere possession does not qualify as the second predicate offense necessary for imposition of the career criminal enhancement.

Therefore, Petitioner reasons, he "is actually innocent of the career offender enhancement." So he now comes to this Court claiming that (1) he has newly discovered evidence which he did not have at the time of his Section 2255 Motion to show that he is actually innocent; and (2) he is barred from bringing the new sentencing claim with that evidence in another Section 2255 Motion, thus rendering his remedy by 28 U.S.C. § 2255 inadequate to test the legality of his detention.

In such a situation, the Petitioner alleges, a federal prisoner may come to this Court in the district of his confinement for consideration of the barred claim under 28 U.S.C. § 2241. He claims that if this Court would vacate the sixty-month consecutive, enhanced sentence, he would be entitled to immediate release.

## II.

The Petitioner is correct about the interplay between 28 U.S.C. § 2255 and § 2241. The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States* v. *Jalili,* 925 F.2d 889, 894 (6th Cir. 1999). It is 28 U.S.C. § 2255, permitting a trial court to vacate or correct sentence, which a federal prisoner is to use to challenge the validity of the conviction and/or sentence. *See DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v.*

3

*United States,* 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner, such as the instant Petitioner, must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 in the trial court. *Capaldi* v. *Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). However, a portion of Section 2255, commonly called "the savings clause," permits a prisoner to seek habeas corpus relief from the court in the district where he is confined under Section 2241, if he can demonstrate that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

This Court, therefore, begins with the threshold question which must be resolved before proceeding to examine the merits: whether Section 2255 is truly inadequate and ineffective to test the legality of the Petitioner's detention. Case law has helped in interpreting the language in the savings clause. *See Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner had an earlier unsuccessful Section 2255 motion, or after he has been denied permission to bring a successive motion, or when he has let the one-year statute of limitations run before bringing a Section 2255 motion. *Id.* at 757. Nor is the remedy under Section 2241 an additional, alterative or supplemental remedy to a remedy under Section 2255. *Id.* at 758.

Further, in addition to demonstrating that the remedy via Section 2255 is inadequate and ineffective, a petitioner seeking to use the savings clause of Section 2255 must meet another requirement, a requirement which is also not met in this case. The prisoner must also have a claim of "actual innocence." *Martin v. Perez,* 319 F.3d 799 (6th Cir. 2003).

Actual innocence means factual innocence, which is also explained by the Sixth Circuit

4

to mean innocence of criminal conduct. *Id.* at 805. An actual innocence claim arises when a prisoner was convicted under a criminal statute whose terms were thereafter interpreted by the United States Supreme Court in such a way that there is a risk that the Petitioner was convicted of conduct that the law does not make illegal. *Id.* Hence, only by an intervening Supreme Court decision defining the criminal statute can a petitioner be rendered "actually innocent" of the crime for which he was convicted, so as to qualify to use Section 2241 jurisdiction.

The instant Constitutional claim cannot go forward because the Petitioner has not demonstrated that his remedy via Section 2255 has been inadequate or ineffective to raise the claim. The State record existed at the time of his plea and sentencing. Further, the same record existed at the time of his earlier Section 2255 Motion. Still further, in his Section 2255 Motion, the Petitioner challenged the same 1994 State conviction used for qualifying him for the career criminal enhancement. At that time, he essentially admitted to the conviction's being possession with intent, as he argued, instead, that the "prior conviction for possession of a controlled substance with intent to deliver was not a prior felony conviction because it was not shown to be an offense punishable by a term of imprisonment exceeding one year." However, McClurge lost on that claim on the merits. *McClurge*, 2004 WL 2870072 at 8.

Therefore, the Petitioner's current true-nature-of-the-prior-felony-conviction claim could have been investigated and decided by the trial court in the same Section 2255 Motion as his other claim about the nature of the prior drug felony. He simply did not pursue it then under Section 2255. Moreover, there is no indication in this record, Westlaw, or in the nationwide Public Electronic Access to Public Records ("PACER") database website, which compiles information concerning actions filed in all federal courts, which reflects that this Petitioner has

5

sought the circuit court's permission to bring this claim in a successive Section 2255 Motion. Regarding the efforts a Section 2241 applicant must make before his Section 2255 remedy is deemed truly inadequate or ineffective, see *Martin*, 319 F.3d at 799.

The threshold which any Section 2241 petitioner must meet under *Charles* and *Martin* is a high one, and one which the instant Petitioner fails to reach. Nor have many other petitioners met these same requirements. *See, e.g.*, *Leslie v. United States*, 89 Fed.Appx. 960, 2004 WL 253362 (6th Cir. 2004) (unpublished) (affirming dismissal); *Okoro v. Scibana*, 201 F.3d 441, 1999 WL 1252871 (6th Cir. 1999) (unpublished) (same).

Indeed, it is doubtful whether a person can be actually innocent of a sentence. *Newsome v. Nalley*, 128 F. App'x 815 (2nd Cir. 2005) (lack of Section 2241 jurisdiction when "actual innocence" challenge went to the sentence, not the underlying conviction); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (same) (citing *United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001)); *Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir. 1999) ("[I]t is unclear whether and to what extent a petitioner can show actual innocence in relation to his claims that challenge imposition of his sentence").[2]

To date, the federal courts "ha[ve] ... not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole,* 531 F .3d 263, 267 n. 7 (4th Cir. 2008); *Wyatt v. United States,* 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue

---

[2] Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v. Morris,* 43 Fed.Appx. 181, 183, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual, innocence); *Reyes-Requena v. United States,* 243 F.3d at 903-04 (same); *Whitener v. Snyder,* 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same).

innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Ross v. Zuercher*, No. 09-CV-152-ART, 2010 WL 568528, 2 (E.D.Ky. February 12, 2010) ("Ross's challenge to his sentence enhancement is not cognizable in a habeas corpus proceeding under Section 2241").

Therefore, to the extent that Petitioner is attacking the legality of his enhanced sentence rather than arguing that he is actually innocent of using, carrying and brandishing a firearm during and in relation to a crime of violence, the § 2255(e) savings clause does not assist him. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *see also Henderson v. Rios*, No. 08-167-ART, 2008 WL 5274884, at *1 (E.D. Ky. Dec. 16, 2008) (rejecting a similar challenge to supervised release imposed on the basis that the petitioner's claim was not one of actual innocence).

It is a petitioner's burden to prove that his remedy under § 2255 is actually inadequate or ineffective (*Charles*, 180 F.3d at 756) and that he is actually innocent of conduct that is criminal (*Martin,* 319 F.3d at 799). It is a burden that the instant Petitioner has failed to carry.

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)   Terrance McCluge's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is **DENIED**; and

(2)   This action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and,

(3)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 10th day of June, 2010.

